IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRAILERS INTL, LLC, a Nevada corporation, and VINCENT L. WEBB, | 3:15-cv-00171-BR (Lead Case)<br>3:15-cv-00767-BR<br>(Consolidated Cases) |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| MASTERCRAFT TOOLS FLORIDA, INC., a Florida corporation; GLOBAL EQUIPMENT COMPANY, INC., a New York corporation; HOME DEPOT USA, INC., a Delaware corporation; K-MART CORPORATION, a Michigan corporation; POWER EQUIPMENT DIRECT, INC., a Delaware corporation; SEARS, ROEBUCK AND COMPANY, a New York corporation; SKY DISTRIBUTORS OF AMERICA, INC., a Florida corporation; STEVEN F. RESCH; XUEFENG ZHANG; ZHUHAI SHARP-GROUP ENTERPRISE CO., LTD., a foreign corporation; and XIAOFEI YANG, | |
| Defendants. | |

**STEPHEN J. JONCUS**
Joncus Law, LLC
P.O. Box 838
Clackamas, OR 97015
(971) 236-1200

         Attorney for Plaintiffs

1 - OPINION AND ORDER

**J. PETER STAPLES**
Chernoff Vilhauer McClung & Stenzel, LLP
601 S.W. Second Avenue, Suite 1600
Portland, OR 97204
(503) 227-5631

    Attorneys for Defendants Mastercraft Tools Florida, Inc.; Global Equipment Company, Inc.; K-Mart Corporation; Sears, Roebuck and Company; and Xuefeng Zhang

**MAYA CHOKSI**
**NICHOLAS POPASTAVROS**
DL Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6000

**TAMAR DUVDEVANI**
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
(212) 335-4500

**STELLMAN KEEHNEL**
DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
(206) 839-4888

    Attorneys for Defendant Home Depot USA, Inc.

**EDWARD CHOI**
**JULIA E. MARKLEY**
Perkins Coie, LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
(503) 727-2053

**MELISE BLAKESLEE**
Sequel Technology & IP Law, PLLC
1000 Potomac Street, N.W., Suite 150-A
Washington, DC 20007
(202) 470-4815

    Attorneys for Defendant Power Equipment Direct, Inc.

2 - OPINION AND ORDER

**BAOLIN CHEN**
Chen & Mu
1000 S.W. Broadway, Suite 2150
Portland, OR 97205
(503) 222-3384

>        Attorneys for Defendants Zhuhai Sharp-Group Enterprise
>        Co., Ltd., and Xiaofei Yang

**BROWN, Judge.**

This matter comes before the Court on the Motion (#169) for Summary Judgment of Defendants Zhuhai Sharp-Group Enterprise Co., Ltd., and Xiaofei Yang and the Motion (#171) for Partial Summary Judgment of Plaintiffs Trailers Intl, LLC, and Vincent L. Webb.

For the reasons that follow, the Court **DENIES** both Motions.

## FACTUAL BACKGROUND

The following facts, taken from the submissions of the parties and the joint statement of agreed facts, are undisputed unless otherwise indicated.

Plaintiff Trailers Intl (formerly UtilityMate LLC) is an Oregon corporation, and Plaintiff Webb is the individual owner of Trailers Intl. The company designs and develops trailer technology. Defendant Zhuhai Sharp-Group Enterprises Co. is a China-based manufacturer and global distributor of tools and equipment products operating under the name of Jumbo Tools & Equipment, and Defendant Yang is the president and CEO of Jumbo (collectively referred to herein as the Jumbo Defendants).

3 - OPINION AND ORDER

On December 1, 2009, Plaintiffs and the Jumbo Defendants entered into a Memorandum of Understanding (MOU) in which Plaintiffs granted the Jumbo Defendants an exclusive license to use Plaintiffs' trailer technology, to manufacture the trailers, and to be the worldwide distributor of the trailers in exchange for, among other things, a $150,000.00 advance on proceeds from trailer sales.  The MOU required the Jumbo Defendants to submit to Plaintiffs a monthly accounting of all trailers sold.  Plaintiffs licensed the trademark and brand name "UtilityMate" for use by the Jumbo Defendants as part of the MOU, and Plaintiffs agreed to "extend use of any and all trademarks, patents, copyrights" to the Jumbo Defendants to "assist in the manufacturing and sales of all UtilityMate Products."

The original term of the MOU was from December 1, 2009, through December 1, 2014.  On January 25, 2011, Plaintiffs and the Jumbo Defendants agreed to extend the MOU until December 1, 2015.

In May 2010 Plaintiffs, the Jumbo Defendants, and Defendant Altocraft (who is not involved in the current motions) entered into an oral agreement to have Altocraft act as the distributor of UtilityMate trailers on the east coast of the United States and in South America.  Accordingly, on May 16, 2011, the Jumbo Defendants entered into an Agreement with Altocraft to "distribute Utilitymate Trailers in the east coast of US Market

4 - OPINION AND ORDER

and Latin America Market." The Agreement stated the Jumbo Defendants had a "signed contract with Vince Webb from UtilityMate, LLC, and had all the rights to use UtilityMate Brand, trademark, manuals, picture and all the materials from the website." In the Agreement the Jumbo Defendants granted Altocraft the same rights as the Jumbo Defendants had as the distributor of UtilityMate Trailers.

In March 2011 the Jumbo Defendants, UtilityMate LLC, and Dixie Sales Company, Inc., signed an agreement to distribute UtilityMate trailers in Canada.

On April 7, 2011, Plaintiffs sent to the Jumbo Defendants a notice of default regarding the Jumbo Defendants' alleged failure to abide by specific terms in the MOU and their alleged failure to manufacture trailers to Plaintiffs' standards. Thereafter Plaintiffs allegedly sent second and third notices of default to the Jumbo Defendants. The Jumbo Defendants contend they received only the initial notice.

In June 2011 the Jumbo Defendants and Plaintiffs entered into a Supplemental Agreement to the MOU. The Jumbo Defendants contend the Agreement required Plaintiffs to pay the Jumbo Defendants certain amounts within 60 days, but Plaintiffs have not made such payments to date. The Jumbo Defendants also contend this Agreement resolved the issues in the April Notice of Default. Plaintiffs, however, assert the Agreement addressed the

5 - OPINION AND ORDER

Jumbo Defendants' failure to pay funds to another entity, but it did not address any of the issues in the Notice of Default.

On October 10, 2011, counsel for Plaintiffs sent a termination letter to the Jumbo Defendants in which Plaintiffs advised they were revoking the Jumbo Defendants' right to use Plaintiffs' intellectual property as set out in the MOU.  The Jumbo Defendants, however, did not stop manufacturing trailers made from Plaintiffs' designs until sometime thereafter, and Altocraft actually received its first shipment of UtilityMate trailers from the Jumbo Defendants after October 2011.  The Jumbo Defendants also did not report any sales of trailers to Plaintiffs after October 2011 and did not pay Plaintiffs for any trailers that the Jumbo Defendants had manufactured or sold after October 2011.  In addition, Altocraft continued to sell trailers the Jumbo Defendants supplied, and those trailers were identical to those manufactured under the MOU and bore the UtilityMate mark and VIN information that included numbers associated with Plaintiffs.

Sometime in 2011 Altocraft became aware of the disagreement between the Jumbo Defendants and Plaintiffs.  The Jumbo Defendants, however, assured Altocraft that even though Plaintiffs and the Jumbo Defendants had a disagreement about the termination of the MOU, the Jumbo Defendants were still the licensee, the Jumbo Defendants were still authorized to

6 - OPINION AND ORDER

manufacture UtilityMate trailers, and Altocraft was still authorized to import and to sell UtilityMate trailers using UtilityMate marketing materials.

Plaintiffs and the Jumbo Defendants continued to negotiate termination of the MOU during February 2012, but they failed to reach any agreement. In an email to Plaintiffs dated February 27, 2012, the Jumbo Defendants stated they would "continue to perform [their] contractual duties under said contracts and [would] resort to all means to protect [their] contractual rights under those contracts."

Plaintiffs contacted various distributors who had contractual relationships with the Jumbo Defendants regarding the sale of Plaintiffs' trailers and advised those distributors that they were terminating their agreement with the Jumbo Defendants. Plaintiffs then took steps to prevent the Jumbo Defendants from importing and selling products bearing Plaintiffs' logos.

### **PROCEDURAL BACKGROUND AND PLAINTIFFS' CLAIMS**

On June 12, 2015, the Jumbo Defendants (joined by other Defendants) filed a Motion to Dismiss or Alternatively to Stay this litigation in which they stated Plaintiffs had not initiated arbitration to resolve the disputes between them as required by the MOU. Following a hearing on September 25, 2015, the Court concluded:

7 - OPINION AND ORDER

> [I]t is undisputed that Plaintiffs never initiated arbitration as required by the MOU. On this record, therefore, the Court concludes that Plaintiffs did not terminate the MOU in October 2011.

The Court also concluded the arbitration provision in Section 10 of the MOU was enforceable; that Plaintiffs had not established the Jumbo Defendants had waived or otherwise indicated they were no longer bound by the terms of the MOU; and that both Plaintiffs and the Jumbo Defendants remained bound by the terms of the MOU at least until December 1, 2015. The Court further concluded Plaintiffs' claims against all the Defendants did not fall within the arbitration clause of the MOU.[1]

On February 5, 2016, Plaintiffs filed their Second Amended Complaint in which they assert eight claims against the Jumbo Defendants as follows[2]:

1. <u>First Claim against all Defendants</u>:  For copyright infringement under 17 U.S.C. § 501 on the grounds that Defendants have unlawfully used and continue to use Plaintiffs' copyrighted images in owners' manuals and on their websites.

2. <u>Second Claim against all Defendants</u>:  For trademark infringement under 15 U.S.C. § 1114(1) on the grounds that Defendants have unlawfully used and continue to use Plaintiffs' trademarks in connection with the manufacturing,

---

[1] The Court also granted Defendant Power Equipment Direct, Inc.'s Motion to Dismiss Plaintiffs' claims against it, and the Court granted Plaintiffs leave to replead.

[2] Plaintiffs assert their Sixth Claim only against Defendant Resch, who was dismissed March 20, 2016. Plaintiffs assert their Seventh Claim against Defendant Mastercraft (aka Altocraft) only. As noted, Altocraft did not join the Motions now before the Court.

8 - OPINION AND ORDER

distribution, and sale of the trailers.

3. <u>Third Claim against all Defendants</u>:  For trademark counterfeiting under 15 U.S.C. § 1114(1) and 1116(d) on the grounds that Defendants have unlawfully used and continue to use trademarks on products that are identical to or substantially indistinguishable from Plaintiffs' trademarks.

4. <u>Fourth Claim against all Defendants</u>:  For false designation of origin under 15 U.S.C. § 1125(a)(1) on the ground that Defendants have unlawfully used names identical to or confusingly similar to Plaintiffs' names on products sold by Defendants.

5. <u>Fifth Claim against all Defendants</u>:  For unfair competition under 15 U.S.C. § 1125(a)(1) on the ground that Defendants have unlawfully passed off products that were not manufactured by Plaintiffs as Plaintiffs' products.

6. <u>Eighth Claim against the Jumbo Defendants Jumbo</u>:  For common-law conversion on the ground that the Jumbo Defendants failed to return all blueprints, tooling, and dies to Plaintiffs after termination of the MOU.

7. <u>Ninth Claim against the Jumbo Defendants</u>:  For trade-secret misappropriation on the ground that the Jumbo Defendants unlawfully continued to use Plaintiffs' blueprints, tooling, and dies after termination of the MOU.

8. <u>Tenth Claim against Defendant Yang</u>:  For unfair business practices under Oregon Revised Statute § 646.608(1)(b-c) on the ground that Yang has unlawfully sold counterfeit trailers that are likely to cause confusion to consumers.

The Jumbo Defendants move for summary judgment as to Plaintiffs' claims that are asserted against them and for summary judgment on three of their Counterclaims[3] against Plaintiffs (Second Counterclaim for breach of contract, Fourth Counterclaim for breach of the covenant of good faith and fair dealing, and

---

[3] Defendants do not seek summary judgment as to their First Counterclaim for fraud and misrepresentation or their Third Counterclaim for anticipatory breach.

9 - OPINION AND ORDER

Fifth Counterclaim for tortious interference with economic relations).

Plaintiffs, in turn, move for partial summary judgment on their Second Claim against the Jumbo Defendants for trademark infringement and seek an order from the Court finding the Jumbo Defendants were not authorized to manufacture or to distribute trailers using Plaintiffs' designs and trademarks after they revoked permission for doing so on October 10, 2011, even if the MOU was not terminated.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one. . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)

10 - OPINION AND ORDER

(citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of

11 - OPINION AND ORDER

the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

### I. The Jumbo Defendants' Motion (#169) for Summary Judgment

The Jumbo Defendants move for summary judgment as to all of Plaintiffs' claims asserted against them.  The Jumbo Defendants contend Plaintiffs' claims arise out of the MOU, which the Court earlier determined was not properly terminated, and, therefore, the Jumbo Defendants continued to be the authorized licensees of Plaintiffs.  Accordingly, the Jumbo Defendants assert all of Plaintiffs' claims against them are barred as a matter of law based on the law of the case.

The Jumbo Defendants also move for summary judgment on their Counterclaims for breach of contract, breach of the covenant of good faith and fair dealings, and tortious interference with economic relations.  The Jumbo Defendants contend Plaintiffs (1) did not follow the contractual provisions to properly terminate the MOU, (2) did not act in good faith in the performance of the MOU, and (3) interfered with contractual relationships between the Jumbo Defendants and others.

Plaintiffs, in turn, argue even if the MOU was not terminated, Plaintiffs had the right to control the quality of the products sold under their license and could prohibit the Jumbo Defendants from distributing products bearing Plaintiffs'

12 - OPINION AND ORDER

trademark pursuant to the Lanham Act. Plaintiffs also contend the Jumbo Defendants could not continue manufacturing and selling goods using Plaintiff's trademarks and designs after the Jumbo Defendants failed to fulfill all of their obligations pursuant to the MOU. Plaintiffs assert the Jumbo Defendants, therefore, are not entitled to summary judgment on their Counterclaims because they are in "total breach" of the MOU through their own conduct. Thus, according to Plaintiffs, any obligations that Plaintiffs may have had under the MOU were discharged.

**A.   Law of the Case**

The Jumbo Defendants assert the Court's finding in its Opinion and Order (#126) issued January 6, 2016, that the MOU was not terminated until at least December 1, 2015, constitutes the "law of the case" and bars Plaintiffs from bringing any claims against them. Plaintiffs, however, contend the Court has the power to reconsider its earlier rulings and may reconsider its ruling as to termination of the MOU based on the evidence submitted in opposition to the Jumbo Defendants' Motion. In any event, Plaintiffs argue they had a right to cancel orders and to forbid distribution of products that did not meet their quality standards.

The principle of the law of the case is intended to maintain consistency during the course of a single lawsuit by avoiding reconsideration of legal questions previously decided. All

13 - OPINION AND ORDER

rulings of a trial court, however, are "subject to revision at any time before entry of judgment." Fed. R. Civ. P. 54(b). The doctrine of law of the case is discretionary rather than mandatory and merely expresses the general practice of courts to decline to revisit previously decided matters. See *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 888 (9th Cir. 2001)(citing *United States v. Houser*, 804 F.2d 565, 567-568 (9th Cir. 1986)).

Although the Court has the inherent authority to reconsider the issue of the validity of the termination of the MOU, the Court declines to do so here. When it denied the Jumbo Defendants' earlier Motion to Dismiss, the Court concluded "Plaintiffs' claims against the Jumbo Defendants . . . do not fall within the scope of the arbitration clause in the MOU." Opin. and Order (#126) at 18. In their Second Amended Complaint Plaintiffs assert the same claims against the Jumbo Defendants as in their First Amended Complaint with the addition of a claim against Defendant Yang personally for unfair business practices. The Court notes Plaintiffs' claims against the Jumbo Defendants continue to fall outside of the scope of the MOU and, therefore, are not barred even if Plaintiffs failed to terminate the MOU properly.

Accordingly, the Court concludes on this record that the law of the case does not apply as the Jumbo Defendants argue, and the

Jumbo Defendants, therefore, are not entitled as a matter of law to summary judgment as to Plaintiffs' claims against them.

### B. **Jumbo Defendants' Counterclaims**

In the Jumbo Defendants' Second Counterclaim they contend Plaintiffs' failure to follow the proper procedures for termination of the MOU constitutes a breach of contract as a matter of law. The Jumbo Defendants assert in their Fourth Counterclaim for breach of the covenant of good-faith and fair-dealing that the undisputed evidence shows Plaintiffs violated the right-of-first-refusal provision of the MOU, engaged in business dealings with others for the sale of their trailers, failed to repay the Jumbo Defendants for their $150,000 advance pursuant to the MOU, and failed to pay the additional approximately $22,000 owed to the Jumbo Defendants pursuant to a Supplemental Agreement between the parties. Finally, the Jumbo Defendants also contend in their Fifth Counterclaim that Plaintiffs intentionally interfered with the business relationships between the Jumbo Defendants and other companies and caused the cancellation of various contracts.

According to Plaintiffs, however, even if the Court finds they did not properly terminate the MOU, Plaintiffs have the right to control the quality of products sold under its trademark. In fact, Plaintiffs maintain they terminated the Jumbo Defendants' authorization to distribute products bearing

15 - OPINION AND ORDER

Plaintiffs' trademark as a result of the Jumbo Defendants' failure to follow proper quality controls.  Plaintiffs also assert the Jumbo Defendants did not perform their obligations under the MOU.  Thus, Plaintiffs argue the Jumbo Defendants are in "total breach" of the MOU by their own conduct, which, in turn, discharges Plaintiffs' obligations under the MOU.  Plaintiffs also assert the Jumbo Defendants never fully paid the $150,000 advance as required under the MOU, which was intended as an assurance of performance against future sales.  Plaintiffs also assert they paid the approximately $22,000 required under the Supplemental Agreement.

As a general rule a breach or nonperformance of one party's material promise in a bilateral contract justifies a refusal of the second party to perform a contractual duty and discharges that duty.  *Garcia v. Lupton*, 3:12-cv-01930-SI, 2016 WL 107955 (D. Or. Jan. 8, 2016)(citing *Wasserburger v. Am. Scientific Chem., Inc.,* 267 Or. 77, 82 (1973)).  Whether a breach is sufficiently  material to justify such a result ordinarily is a question of fact.  *Wasserburger*, at 82.

Here each party asserts the other breached their obligations under the MOU by their actions or their failure to act.  These competing factual contentions, however, preclude the Court from granting the Jumbo Defendants' Motion for Summary Judgment on their Counterclaims against Plaintiffs.  The Court, therefore,

16 - OPINION AND ORDER

denies such Motion.

## II. **Plaintiffs' Motion (#171) for Partial Summary Judgment**

Plaintiffs move for partial summary judgment against the Jumbo Defendants as to a portion of their Second Claim for trademark infringement. Plaintiffs seek summary judgment on the ground that the Jumbo Defendants were not authorized to manufacture and to distribute trailers using Plaintiffs' designs and trademarks after permission was revoked in the letter sent to the Jumbo Defendants by Plaintiffs' counsel on October 10, 2011. That letter specifically states: "The use of any and all intellectual properties related to the agreement and UtilityMate brand is hereby revoked as of the date of this letter." Plaintiffs assert that even if that communication is not interpreted as terminating the MOU, the letter terminated the Jumbo Defendants' authority to continue to use Plaintiffs' trademark beginning on that date.

The Jumbo Defendants contend in response that Plaintiffs did not include any requirements for quality control in any contract between the parties, and, moreover, Plaintiffs "mischaracterize[] the relevant facts." The Jumbo Defendants also argue even if Plaintiffs had identified relevant quality-control standards, such obligation would merely constitute a "covenant" that was not a condition of the license and the communication and enforcement of such standards was "fatally deficient."

17 - OPINION AND ORDER

A trademark holder has the right to control the quality of goods manufactured and sold under the holder's trademark. *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 618 (9th Cir. 1993)(citing *El Greco Leather Prod. Co., Inc. v. Shoe World Inc.*, 806 F. 2d 392 (2nd Cir. 1986)). A license agreement need not contain an express quality-control provision because trademark law rather than the contract itself confers on the licensor the right and obligation to exercise quality control. *Miller v. Glenn Miller Productions, Inc.*, 454 F. 3d 975, 992 (9th Cir. 2006).

Here Plaintiffs accurately contend the Lanham Act provides a trademark holder with the right to control the quality of goods manufactured and sold under their trademark, to cancel orders, and to forbid distribution of products that have not been approved by the trademark holder. *See El Greco Leather Prod. Co., Inc. v. Shoe World Inc.*, 806 F. 2d 392 (2d Cir. 1986). Nevertheless, even though Plaintiffs have the right to control the quality of products manufactured and sold under their license, the issue on Plaintiffs' cross-motion is whether Plaintiffs adequately communicated those standards to the Jumbo Defendants. Although the Jumbo Defendants assert Plaintiffs failed to inform them regarding quality standards, Plaintiffs maintain they did communicate in their initial Notice of Default and subsequent communications various deficiencies of the products, and Plaintiffs argue those communications constituted

18 - OPINION AND ORDER

notice of the Jumbo Defendants' failure to meet quality standards. The Jumbo Defendants, however, assert any such deficiencies were either resolved or were not set out clearly in any other communications from Plaintiffs.

On this record the Court concludes as to Plaintiff's Motion for Partial Summary Judgment that there are competing issues of material fact, and therefore, Plaintiffs are not entitled to summary judgment on this issue.

## CONCLUSION

For these reasons, the Court **DENIES** the Motion (#169) for Summary Judgment of Defendants Zhuhai Sharp-Group Enterprise Co., Ltd., and Xiaofei Yang and **DENIES** Plaintiffs' Motion (#171) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 4th day of August, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER